Henry Epstein, J.
Petitioner moves to vacate the award of of the arbitrators upon the ground that they were guilty of misconduct in refusing to hear evidence pertinent and material to the controversy.
Petitioner purchased Valencia almonds which the respondent knew were resold to Hershey Chocolate Corporation. Petitioner contends that it received the delivery of Longuette almonds which Hershey could not use by reason of size and shape but consented to take delivery upon receiving a credit. Prior to delivery, petitioner took a sampling and thereafter demanded arbitration. The award is as follows: ‘ ‘ After
thorough consideration of all written and oral evidence submitted in this case, we, the Arbitrators, find in favor of the Seller. The arbitrators were unable to examine the samples submitted because they were not properly drawn and, further, *186 in view of the fact that the almonds in controversy had been shipped ont by the Buyer, properly drawn samples are not available.”
Petitioner complains that the arbitrators refused to take relevant and material proof concerning the sampling and the manner in which it was taken.
Respondent urges that the arbitrators had the right to refuse to examine the samples drawn by the petitioner since they were not drawn in accordance with the rules of the Association of Food Distributors Inc. The particular rule of the Association reads:
"1. The parties arbitrating shall agree on the method of examining or sampling merchandise in dispute, the quantities of samples to be drawn and other cognate details and shall advise the arbitrators of their agreement. The arbitrators shall determine any of the foregoing matters upon which the parties fail to agree.
‘‘ 2. The arbitrators may, at their discretion and without regard to any agreements on the subject by the parties, take any means necessary to satisfy themselves that the samples submitted have been properly drawn, that they fairly represent the average quality and condition of the merchandise from which they were drawn and that the quantity thereof is adequate for the determination of the controversy — and, thereafter, act thereon solely in their oion discretion.” (Italics supplied.)
The fact that the shipment was no longer available for sampling is immaterial if a proper sampling had been made. It seems clear from the submission, however, that the respondent refused to agree with the petitioner upon a proposed sampling; that it failed to identify the sampling produced as coming from the shipment; that one of the arbitrators wished to inquire and to look into the sampling, but the two remaining arbitrators refused, and that no steps whatever were taken in conformity with the quoted rule. But it is also clear that no such steps in the circumstances could actually have been taken. This does not vitiate the award of the arbitrators. (Matter of Dembitzer [Gutchen], 3 A D 2d 211, affd. 3 N Y 2d 851.)
The arbitrators acted within the reasonable scope of their authority and their determination should not be disturbed.
Petition denied.